12-02669-A
COMPLAINT
PLAINTIFF: BETTE SPAICH
DEFENDANT: JOHN ROTH
JUDGE: HON. M. MCMANUS
RELATED CASE: 12-35330
—————————————————

FILED 11/19/12 - 2:03 PM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION        Jdas

Document #: 1

1  Bette Spaich
2653 Bloyd Rd.
2  Live Oak, CA 95953

3  Plaintiff, In pro per

4

5                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF CALIFORNIA
6

7  IN RE:                              CASE No.  12-35330

8  BETTE SPAICH,                       CHAPTER 12

9      DEBTOR.                    /
   BETTE SPAICH,
10

11            Plaintiff,

12  v.                                  A. P. No.

13  JOHN ROTH, STANDARD
   HOLDINGS, INC.,
14
            Defendants.   /
15

16       COMPLAINT TO AVOID FRAUDULENT TRANSFER
        AND TO DETERMINE NATURE AND EXTENT OF LIEN
17
       BETTE SPAICH, plaintiff herein, alleges:
18
       1. That this Court has jurisdiction over the within matter pursuant to 28 U.S.C. Section 1334.
19
       2. The within proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(H),
20
   (C), and (K).
21
       3. Plaintiff owned the Real Property subject only to the following encumbrances:
22
            a. 2740 Encinal Rd., Live Oak, CA:
23
            Deed of Trust in favor of Nationstar securing approximately $101,000.
24
         b. 2653 Bloyd Rd., Live Oak, CA:
25
            Secured Tax Roll Sutter County      $29,121
26
            Deed of Trust in favor of Took It Farms, LLC securing approximately $458,500.
27
       4. On or about August 25, 2010, Defendants caused Plaintiff's said Real Property to be
28

1

1. encumbered by a Deed of Trust in favor of Defendant Standard Holding, LLC, Exhibit A hereto, to
2. secure a Note(Exhibit B hereto) in the amount of $600,000.00. The said loan was distributed at the
3. direction of such Defendants and others acting in concert with them as set forth in Exhibit C hereto.
4. Plaintiff received none of the proceeds. Disbursement of the proceeds was directed by the Defendants
5. and others acting in concert with them.

6. 5. Defendants specifically represented that the real property located at 2740 Encinal Rd., Live
7. Oak would not be described in any documents to be executed by Plaintiff.

8. 6. Defendant John Roth purports to be the assignee of Standard Holdings, Inc. John Roth, to
9. the extent an assignee, is not a bonafide transferee for value in that (a) he took the assignment with
10. knowledge of the facts herein alleged, (b) he did not pay value.

11.

**FIRST CLAIM FOR RELIEF**
(Avoidance of Fraudulent Transfer)

12.
13. 6. Plaintiff received none of the proceeds or property from the escrow.
14. 7. The transaction was a fraud on the Plaintiff designed to deprive her of her property to the
15. benefit of the Defendants and others acting in concert with them.
16. 8. Plaintiff unknowingly transferred to the Defendants a security interest in her herein
17. described real property for less than equivalent consideration.
18. 9. Said transfers are avoidable pursuant to 11 U.S.C. Section 548.

19.

**SECOND CLAIM FOR RELIEF**
(Determination of Nature and Extent of Lien - Usury)

20. 1. The maximum legal rate which can be charged in the State of California is 10%.
21. 2. Michael Roth, the purported broker in the transaction, was paid the sum of $50.00 and had
22. no actual part of the transaction and has taken no responsibility for the fraud perpetrated under the
23. guise of his license.
24. 3. Interest was paid through the escrow in the form of *points* paid directly as shown in Exhibit
25. C in the amount of $18,500.00.
26. 4. Following close of escrow, the sum of $50,000 was returned from the escrow to Plaintiff.
27. Plaintiff remitted said sum to Defendant Standard Holding.
28. 5. Alfred Nevis, a party acting in concert with the Defendants and a guarantor of the Note

2

(Exhibit B), paid interest in at least the amount of $71,410.00.

6. Interest paid during the one year period prior to commencement of the case is credited to the principle balance in treble the amount.

7. The interest provision of the Note is 12% per annum together with the points for a one year term is 15% per annum and in violation of the usury provisions of the California Constitution.

8. Plaintiff is entitled to credit against the principle balance in the amount of $ 71,140.00 plus other amounts shown to have been paid on account of the Note, and credit for treble the amount of interest paid during the year immediately preceding commencement of the case.

9. Plaintiff is entitled to additional credit of $50,000 credit towards the principle.

10. The promissory note, Exhibit B, provides for attorneys fees. Plaintiff is entitled to recover such fees from the Defendants.

WHEREFORE, Plaintiff prays judgment as to Defendants as follows:

1. Avoidance of the Deed of Trust, Exhibit A hereto as to each of the two herein described parcels of real property;

2. Determination that the interest rate provision of the Note, Exhibit B, is usorious and the amount of the principle balance;

3. For reasonable attorneys fees incurred by the Plaintiff;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: November 19, 2012

_Bette Spaich_
Bette Spaich, Plaintiff

3

RECORDING REQUESTED BY

**PLACER TITLE COMPANY**

When Recorded Mail To:

**STANDARD HOLDING, LLC
630 LINCOLN AVE.
WOODLAND, CA 95695**

Order No. 1201-26411-CSC

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

---

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (With Acceleration Clause)

---

This DEED OF TRUST, made **August 13, 2010,** between

**BETTE A. SPAICH , AN UNMARRIED WOMAN**  herein called TRUSTOR, whose address is **2653 BLOYD RD, LIVE OAK, CA  95953**,

**PLACER TITLE COMPANY**,  a California corporation,  herein called TRUSTEE, and

**STANDARD HOLDING, LLC**  herein called  BENEFICIARY,

WITNESSETH:  That Trustor grants to Trustee in Trust, with Power of Sale, that property described as:

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SUTTER, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:

PARCEL A:

PARCEL 5, AS SHOWN ON PARCEL MAP NO. 722, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SUTTER COUNTY, CALIFORNIA, ON DECEMBER 18, 1984 IN BOOK 4 OF MAPS, AT PAGE 72 AND 72A.

EXCEPTING THEREFROM AN UNDIVIDED 1/2 INTEREST IN AND TO ALL OIL, GAS AND OTHER HYDROCARBONS AND MINERAL RIGHTS, AS RESERVED IN DEED RECORDED MARCH 11, 1993 IN BOOK 1542 OF OFFICIAL RECORDS, AT PAGE 308.

APN: 10-153-011

PARCEL B:

PARCEL 6, AS SHOWN ON PARCEL MAP NO. 722, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SUTTER COUNTY, CALIFORNIA, ON DECEMBER 18, 1984, IN BOOK 4 OF PARCEL MAPS, PAGE 72.

EXCEPTING THEREFROM ALL MINERALS AND MINERAL RIGHTS, INCLUDING, BUT NOT LIMITED TO, OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES AND GEOTHERMAL RESOURCES BELOW A DEPTH OF 500 FEET, WITHOUT RIGHT OF SURFACE ENTRY, AS RESERVED IN DEED RECORDED APRIL 12, 1985, IN BOOK 1133, PAGE 42, OFFICIAL RECORDS.

APN: 10-153-012

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) Payment of the sum of  *** **Six Hundred Thousand and 00/100 Dollars** *** (  **$600,000.00**) with interest thereon according to the terms of a promissory note or notes of even date herewith made by

Page 1 of 6

EXHIBIT " A "     Sndtwacc.doc

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(9) That Trustee Accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Sndtwacc.doc

**Signature of Trustor(s)**

By *Bette A Spaich*

BETTE A. SPAICH

Dated : August 13, 2010

STATE OF CALIFORNIA

COUNTY OF *Sutter*      ) ss.

On ___8/19/10___ before me, *Carol Carpio* _____, Notary Public,

personally appeared *Bette A. Spaich*

_____

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

*Carol Carpio*

Notary Public in and for said County and State

> CAROL CARPIO
> COMM. #1853516
> NOTARY PUBLIC ● CALIFORNIA
> SUTTER COUNTY
> Comm. Exp. JULY 8, 2013

(Space above for official notarial area.)

Sndtwacc.doc

201-26411-CSC



# PLACER TITLE COMPANY
### A MOTHER LODE COMPANY

## PROMISSORY NOTE
### (STRAIGHT)
### (INCLUDING ACCELERATION CLAUSE)

$ 600,000.00                          YUBA CITY, California                    August 13, 2010

For value received, **BETTE A. SPAICH , AN UNMARRIED WOMAN,** promise to pay to **STANDARD HOLDING, LLC,** or order, at a place designated by payee, the sum of *** Six Hundred Thousand and 00/100 Dollars *** dollars, with interest from __AUGUST 25, 2010__ (DATE FUNDS DEPOSITED) until paid, at the rate of 12.000% percent per annum; interest payable in Monthly installments beginning __SEPTEMBER 25, 2010__ (1 MO FR DFD), and continuing Monthly thereafter until __AUGUST 25, 2011__ (1 YR FR DFD).

Principal payable on or before __AUGUST 25, 2011__ (1 YR FR DFD).

**LATE CHARGE:** In the event any installment payment under the terms of this note is not paid within 10 days after its scheduled due date, the payor agrees to pay to the holder hereof a late payment of 6.00% of the installment applicable to payment of principal and/or interest, or $5.00 whichever is greater.

PAYOR AGREES TO PAY A MINIMUM OF SIX (6) MONTHS INTEREST TO PAYEE PRIOR TO ANY FULL OR PARTIAL PREPAYMENT OF THIS NOTE.

Should interest not be paid it shall thereafter bear like interest as the principal. Should default be made in payment of interest when due the whole sum of principal and interest shall become immediately due, at the option of the holder of this note. Principal and interest payable in lawful money of the United States. If action be instituted on this note, I promise to pay such sum as the Court may fix as attorney's fees.

This note is secured by a DEED OF TRUST, containing the following provision among others: "If the trustor shall convey or alienate said property or any part thereof or any interest therein or shall be divested of his title in any manner or way, whether voluntary or involuntary, any indebtedness or obligation secured hereby, irrespective of the maturity date expressed in any note evidencing the same, at the option of the holder hereof and without demand or notice shall become due and payable immediately", and promisors agree to be bound thereby.

If this note is a balloon payment note as defined in California Civil Code Section 2957, is for a term in excess of 1 year, and the principal herein represents a portion of the purchase price received by the Seller and is secured by a Deed of Trust on real property containing a dwelling for not more than four families, the following provision applies: THIS NOTE IS SUBJECT TO SECTION 2966 OF THE CIVIL CODE, WHICH PROVIDES THAT THE HOLDER OF THIS NOTE SHALL GIVE WRITTEN NOTICE TO THE TRUSTOR, OR HIS SUCCESSOR IN INTEREST, OF PRESCRIBED INFORMATION AT LEAST 90 AND NOT MORE THAN 150 DAYS BEFORE ANY BALLOON PAYMENT IS DUE.

By: _Bette A Spaich_
BETTE A. SPAICH

PERSONAL GUARANTOR

BY: _____
ALFRED E. NEVIS

**DO NOT DESTROY THIS NOTE:** When paid, this note, if secured by Deed of Trust, must be surrendered to Trustee for cancellation, before reconveyance will be made

EXHIBIT "**B**"

Sndtwace.doc

**Borrower's Closing Statement**

| | |
|---|---|
| **Date:** | 08-26-2010  11:34AM |
| **Escrow#** | 1201-26411 CSC |
| **Officer:** | Carol Carpio |
| **Closed:** | 08-26-2010 |

# PLACER TITLE COMPANY

1110 Civic Center Dr., Ste. 302
YUBA CITY, CA  95993
530-671-5040   FAX: 530-671-5270

BETTE A. SPAICH

2653 BLOYD RD
LIVE OAK, CA  95953

**Property Address:** 2740 ENCINAL ROAD AND 2653 BLOYD ROAD
LIVE OAK, CA  95953

| Item | | Charges | Credits |
|---|---|---|---|
| New Loan: STANDARD HOLDING, LLC | | | |
| New Loan Amount  STANDARD HOLDING, LLC | | | 600,000.00 |
| PARTIAL POINT PLUS 1/2 PT FROM MORGAN  to JOHN ROTH | 5,000.00 | | |
| BROKER FEE  to MICHAEL ROTH | 50.00 | | |
| POINTS (2 LESS AM TO ROTH  to SCOTT SPECKERT | 10,000.00 | | |
| POINTS (1/2)  to JEFF MORGAN | 3,000.00 | | |
| Total Loan Charges & Credits | | 18,050.00 | |
| | | | |
| 2006 ALTA Loan Extended Coverage Policy (6/17/06) PLACER TITLE COMPANY | | 1,256.00 | |
| Recording Fees  Deed of Trust PLACER TITLE COMPANY | | 43.00 | |
| Recording Fees  Subordination Agreement PLACER TITLE COMPANY | | 23.00 | |
| Escrow Fee PLACER TITLE COMPANY | | 872.00 | |
| Fed Ex/UPS/Overnight Mail PLACER TITLE COMPANY | | 20.00 | |
| Notary Fee PLACER TITLE COMPANY | | 20.00 | |
| Tax Sale: DEFAULTED SUTTER COUNTY TAX COLLECTOR | | 29,121.50 | |
| Hazard Insurance ROSE INSURANCE AGENCY | | 913.00 | |
| NEW ROOF  TO FOLLOW | | 40,000.00 | |
| WIRE FOR THE ACCOUNT OF BETTE SPAICH  FIDELITY NATIONAL TITLE | | 59,517.31 | |
| WIRE FOR THE ACCOUNT OF BETTE SPAICH  TRANSCOUNTY TITLE | | 72,925.90 | |
| WIRE FOR THE ACCOUNT OF BETTE SPAICH  CORNELIUS FARMS, LLC | | 240,000.00 | |
| PROCEEDS TO  CORNELIUS FARMS, LLC | | 87,238.29 | |
| HOLD FOR INSPECTION  TO FOLLOW | | 50,000.00 | |
| | | | |
| Totals | | 600,000.00 | 600,000.00 |

Form BORROWER.CLOS

EXHIBIT " C "